IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS CREVATAS, on behalf of himself and similarly situated employees, | : CIVIL ACTION :<br>: ELECTRONICALLY FILED ON<br>: November 23, 2015 |
| Plaintiff, | : |
| v. | : CLASS/COLLECTIVE ACTION |
| SMITH MANAGEMENT AND CONSULTING, LLC, | : : : |
| Defendant. | : : |

# **COMPLAINT – CLASS/COLLECTIVE ACTION**

Plaintiff Francis Crevatas ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against Defendant Smith Management and Consulting, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.[1]

---

[1] FLSA collective action claims and Rule 23 class action claims may proceed together in the same lawsuit. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Cresco, Pennsylvania (Monroe County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a Texas corporate entity registered to do business in the Commonwealth of Pennsylvania, and regularly conducting business within this judicial district.

7. Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

8. According to its official website, Defendant is "an oilfield services company" that specializes in "providing the industry with experienced, dependable consultants for drilling and completion operations, with particular care related to safety, environmental and technical issues, as well as overall project costs."

9. During the three-year time period relevant to this lawsuit, Defendant has employed approximately 50 individuals as "consultants" who are paid on a day-rate basis and perform work at oil and gas rigs located throughout the United States, including within this judicial district.

10. The individuals described in paragraph 9 hold various job titles such as, for example, "Roustabouts,"[2] and are referred to herein as "Consultants."

11. In an effort to avoid paying taxes and other employee benefits, Defendant classifies Plaintiff and other Consultants as "independent contractors" rather than employees. However, based on the economic realities of the relationship between Defendant and Consultants, it is clear that Consultants actually are "employees" for purposes of FLSA and PMWA coverage. This is because, *inter alia*: (a) Defendant micromanages the manner in which Consultants perform their work, leaving them with little independent discretion or control over their work; (b) Consultants have virtually no opportunity for profit or loss depending upon their managerial skill; (c) Consultants' personal investment in equipment is minimal and they have little discretion in selecting the materials and products to be used for their work; (d) the services rendered by Consultants do not require any

---

[2] In the absence of discovery, Plaintiff is not aware of each of the formal job titles that Defendant has given to every individuals performing work as Consultants throughout the United States for Defendant.

special skills beyond those easily obtained through routine on-the-job training; (e) Consultants' positions are permanent in that Defendant's scheduling practices make it unrealistic for them to pursue other business opportunities; and (f) the services rendered by Consultants are an integral part of Defendant's business.

12. Plaintiff worked as a Consultant for Defendant from approximately November 2014 until approximately March 2015.

13. Defendant paid Plaintiff a day-rate of $325.00.

14. Consultants, such as Plaintiff, typically work shifts lasting approximately 12 hours.

15. Plaintiff and other Consultants regularly work over 40 hours per week.

16. Even though both the FLSA and the PMWA entitle day-rate employees to extra overtime premium compensation for hours worked over 40 per week, *see*, *e.g.*, 29 C.F.R. § 778.112; 34 Pa. Code § 231.43(b), Defendant did not pay Plaintiff and other Consultants any extra overtime premium compensation for their overtime hours.

17. By failing to pay the overtime premium to Plaintiff and other Consultants, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiff brings his FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all individuals who worked as Consultants for Defendant within the past three years and assigned (in whole or in part) to work at oil or gas facilities located in the United States.

19.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20.     Plaintiff brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals employed by Defendant within the past three years and assigned (in whole or in part) to work at oil or gas facilities located in the Commonwealth of Pennsylvania.

21.     Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

22.     The class, upon information and belief, includes approximately 50 individuals, all of whom are readily ascertainable based on Defendant's

standard payroll records and are so numerous that joinder of all class members is impracticable.

23. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

24. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

25. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's companywide timekeeping and pay policies, as summarized herein. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

26. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

27. All previous paragraphs are incorporated as though fully set

forth herein.

28. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

29. Defendant violated the FLSA by failing to pay Plaintiff and the proposed FLSA collective any overtime premium for hours worked over 40 per week.

## COUNT II
### (Alleging PMWA Violations)

30. All previous paragraphs are incorporated as though fully set forth herein.

31. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

32. Defendant violated the PMWA by failing to pay Plaintiff and other Rule 23 class members any overtime premium for hours worked over 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. An order permitting this action to proceed as a collective and class action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

C. Unpaid wages and prejudgment interest to the fullest extent permitted under federal and state law;

D. Liquidated damages to the fullest extent permitted under the FLSA;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

F. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

Date: November 30, 2015        Respectfully,

<u>/s/ R. Andrew Santillo</u>
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Ph: 215-884-2491

       Fax:  215-884-2492

       Galvin B. Kennedy*
       Don J. Foty*
       John Neuman*
       KENNEDY HODGES, L.L.P.
       711 W. Alabama Street
       Houston, Texas 77006
       Ph: (713) 523-0001
       Fax: (713) 523-1116

       *pro hac vice* admission anticipated

       *Plaintiff's Counsel*